UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONIQUE KOTH, et al.,

Plaintiffs,

v.

U.S. CITIZENSHIP AND
IMMIGRATION SERVICES,

Defendant.

C12-996 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiffs' motion for summary judgment, docket no. 22, and Defendant's cross-motion for summary judgment, docket no. 26.  Having reviewed all papers filed in support of and in opposition to each motion, the Court enters the following Order:

Plaintiff's motion for summary judgment is DENIED.  Defendant's cross-motion for summary judgment is GRANTED.

## I.    Background

The relevant facts of this case are not in dispute.  Petitioner Monique Koth, a United States citizen, and beneficiary Ty Cheung, a Cambodian citizen, were introduced via telephone in June 2007.  Ms. Koth met Mr. Cheung for the first time when she visited

1  Cambodia on December 6, 2007.  On December 14, 2007, the couple married and Ms.

2  Koth returned to the United States two days later.  Ms. Koth filed a petition on behalf of

3  Mr. Cheung pursuant to the Immigration and Nationality Act § 201(b)(2)(A)(i).  U.S.

4  Citizenship and Immigration Services ("USCIS") approved the petition on June 6, 2008.

5          On January 6, 2011, the Department of State interviewed Cheung at the U.S.

6  Embassy in Phnom Penh, Cambodia.  In March 2011, the U.S. Embassy returned the visa

7  petition because Ms. Koth and Mr. Cheung failed to convince the consular office of a

8  bona fide marital relationship.  USCIS issued notices on December 1, 2011, and January

9  11, 2012, advising the petitioner of this information.  Petitioner responded by submitting

10  a statement from the petitioner's representative; a statement from petitioner; medical

11  receipts; an amended birth certificate naming Mr. Cheung as the father of petitioner's

12  child; photos; and statements from family and friends.

13          On March 21, 2012, USCIS revoked the visa petition citing that the petitioner had

14  failed to submit sufficient documentary evidence to demonstrate a bona fide marital

15  relationship or to corroborate the statements made by family and friends.  In its decision,

16  USCIS noted that the child's original birth certificate did not list Mr. Cheung as the

17  child's father, and USCIS also noted the photos submitted by petitioner were of little

18  probative value because they were taken over a short period of time during petitioner's

19  brief visit to Cambodia.  Petitioner seeks judicial review of this decision.

20                          **II.     Standard of Review**

21          Under the Administrative Procedure Act ("APA"), the Court may only set aside an

22  agency's final decision if it was "arbitrary, capricious, an abuse of discretion, or

23

1    otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A).  Agency action is

2    arbitrary and capricious if the agency fails to "examine the relevant data and articulate a

3    satisfactory explanation for its action including a rational connection between the facts

4    found and the choice made." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.

5    Co., 463 U.S. 29, 42-43 (1983) (citations omitted).  In the context of summary judgment,

6    an agency action is entitled to great deference.  Montana Wilderness Association v.

7    Connell, 725 F.3d 988 (9th Cir. 2013) (citations omitted).  Summary judgment thus

8    serves as the mechanism for deciding, as a matter of law, whether the agency action is

9    supported by and otherwise consistent with the administrative record.  Even if the Court

10   comes to a different conclusion based on the record evidence, under the APA standard, it

11   may not "substitute its judgment for that of the agency." Friends of the Clearwater, 222

12   F.3d 552, 556 (9th Cir. 2000).

### III.    Discussion

14       Both the Board of Immigration Appeals and the Court have long recognized that a

15   fraudulent or sham marriage is a valid basis for revoking a visa petition if the marriage

16   was entered into for the primary purpose of circumventing immigration laws.  See Bark

17   v. INS, 511 F.2d 1200 (9th Cir. 1975); Lutwak v. U.S., 344 U.S. 604 (1953).  The central

18   task for the Board of Immigration Appeals in making an immigration decision is to focus

19   on whether the couple intended to establish a life together at the time of their marriage.

20   Bark v. INS, 511 F. 1200, 1202 (9th Cir. 1975).

21       Ms. Koth and Mr. Cheung bring their suit to challenge a USCIS decision to revoke

22   Mr. Cheung's visa petition as erroneous and not factual.  Specifically, USCIS found five

23

ORDER - 3

factors indicating that the wedding was a sham because the evidence failed to show the couple intended to create a life together: (1) Plaintiffs did not provide evidence of an ongoing relationship such as letters, emails, or phone records; (2) the couple lacked physical evidence of the marital relationship; (3) the couple did not see each other for nearly five years after their wedding; (4) Mr. Cheung did not know why Ms. Koth had not returned to visit in the five years since their wedding; and (5) the couple claims to have a child together but Mr. Cheung could not recall the name of his child and Mr. Cheung was not listed as the child's father on the original birth certificate.  See A.R. at 3, 140-153, 168.

USCIS requires that an individual seeking a visa for their spouse must provide evidence of the claimed marital relationship.  8 C.F.R. 204.2(a)(2).  While Ms. Koth offers her sworn testimony and the written testimony of friends as evidence of a bona fide marriage, the record contains no letters, emails, telephone bills, or other evidence of correspondence between Ms. Koth and Mr. Cheung.  A.R. 101.  The Petitioner also offered a few photographs from Ms. Koth's trip to Cambodia for her wedding to Mr. Cheung.  However, USCIS determined that the photos were of little probative value because they were taken over a short period of time.  A.R. at 3.  USCIS's findings that Koth and Cheung did not intend to create a life together is supported by the evidence and was not an abuse of discretion.

## IV.   Conclusion

For the foregoing reasons, the Court DENIES Plaintiffs' motion for summary judgment, docket no. 22, GRANTS Defendant's cross-motion for summary judgment,

docket no. 26, and DISMISSES this case with prejudice.  The Court concludes that the USCIS did not abuse its discretion in determining that Plaintiffs relationship was not a bona fide marriage.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

Dated this 14th day of February, 2014.

THOMAS S. ZILLY
United States District Judge

ORDER - 5